846 F.2d 73
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Lenard SMALL, Plaintiff-Appellant,
v.
W.R. BARKER, Jeff Jacobs, L.G. (Steve) Duncan, Sgt., J.R.
Hunt, Jr., Lt., Ronald Coleman, Cliff Hardy,
Ernest Davis, Brenda McArthur, Ronald
Godwin, Defendants-Appellees,
and
Ted Spivey, Anthony Jacobs, John Bellamy, Michael Walker,
Wilton Coleman, Kenny Coleman, Henry Campbell, Frank
McDowell, Eddie Sparkman, James Rouse, Bobby Hinson, Harley
Brown: Leroy Miller, Michael McCumbee, Alford Hayes, Pete
Williamson, Pete Lamb, Don Inman, Stuart Sasser, Stuart
Shelly, Danny Benton, Timmy Deese, Grady Duncan, William B.
Jones, Christopher Lee, Officer Watts, Anthony Singletary,
Sam Burney, Larry Bass, Ronald Strickland, Sgt., Joe Davis,
Sgt. Franklin Coleman, Lt. Joe Johnson, Sgt. Calvin Duncan,
Henry Stevens, St. Harvey Williams, Ronald Yandle, Defendants.
 No. 87-7408.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 16, 1988.
Decided April 19, 1988.
 
 James Lenard Small, appellant pro se.
 Jacob Leonard Safron, Special Deputy Attorney General, for appellees.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James Lenard Small, a North Carolina inmate, appeals the denial of relief on his 42 U.S.C. Sec. 1983 complaint. We affirm the entry of judgment in favor of defendants.
 
 
 2
 Small sued several officers and officials of the Columbus County Prison Unit claiming that his constitutional rights were violated when he was required to perform repairs and alterations on their personal clothing items while he was assigned to work in the unit's clothing house. The district court found that Small's allegations did not entitle him to relief under the eighth amendment but set Small's claims under the thirteenth amendment and the equal protection clause for trial by jury.* After the jury found in favor of defendants, Small moved to set aside both the jury's verdict and the earlier grant of partial summary judgment. The magistrate denied this motion and Small appeals.
 
 
 3
 On appeal Small assigns as error essentially the same issues he raised in his post-trial motion in the district court: the magistrate improperly instructed the jurors that to find a thirteenth amendment violation they must find that the defendants coerced Small into sewing their personal clothing items; the magistrate failed to inquire into any prejudice resulting from the jurors' having seen Small and one of his witnesses in restraints; and the entry of partial summary judgment should have been set aside in light of the evidence presented at trial. Upon review of the record, including the magistrate's order denying Small's post-trial motion, we find these contentions without merit and affirm the judgment below on the reasoning stated by the magistrate in denying post-trial relief. Small v. Barker, C/A No. 85-988-CRT (E.D.N.C. Dec. 8, 1987). We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Upon consent of the parties pursuant to 28 U.S.C. Sec. 636(c), the case was referred to a magistrate for the conduct of further proceedings, including the jury trial